UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>                  Plaintiff,<br>v.<br>ALAN DYEMARTIN, et. al.,<br><br>                  Defendant. | Case No.:  11cv02070 JAH - JLB<br><br>**ORDER DISMISSING DEFENDANTS AND CLAIMS AND DIRECTING SERVICE OF THE SECOND AMENDED COMPLAINT** |

## BACKGROUND

Plaintiff originally filed a complaint on September 8, 2011. Finding Plaintiff failed to state a claim, this Court dismissed the action. Plaintiff filed an appeal, and the Ninth Circuit Court of Appeals affirmed the order dismissing the action in part and vacated in part. The Ninth Circuit determined the Court properly dismissed the claims against Defendants William Lansdowne, Steven Hansen, Jan Goldsmith, the City of San Diego, the San Diego Police Department, the San Diego County District Attorney, and the San Diego County Sheriff's Department with prejudice. The Ninth Circuit also upheld the Court's dismissal of the federal and state law claims for retaliation, suppression of free speech, conspiracy, denial of equal protection, discrimination and violations of 42 U.S.C. sections 1985 and 1986 against Alan Dyemartin and Chris Cummings. However, the court vacated the dismissal of the Fourth Amendment claim against Dyemartin and Cummings,

1

and the state law claims against those defendants related to the alleged reasonableness of the traffic stop, search and arrest at issue.

This Court reopened the matter and directed Plaintiff to file an amended complaint. Plaintiff filed his First Amended Complaint which the Court reviewed pursuant to 28 U.S.C. section 1915(e)(2)(B). The Court dismissed Defendants Lansdowne, City of San Diego and San Diego Police Department, and Plaintiffs claims for failure to properly train, failure to supervise and discipline, the Monell claim, conspiracy in violation of the second clause of section 1985(2), for violation of section 1986, and for violation of Plaintiff's Fourteenth Amendment right to due process with prejudice. The Court also dismissed all claims against Defendants Jeffrey Peterson and Daniel Christman with prejudice with the exception of the claims for violation of his civil rights under 42 U.S.C. section 1983, conspiracy under section 1983, abuse of process and negligence which were dismissed with leave to amend. The Court also dismissed the claims for negligence and intentional infliction of emotional distress without prejudice as to Defendants Dyemartin and Cummings. The Court directed Plaintiff to file a Second Amended Complaint addressing the deficiencies for the claims dismissed without prejudice or notify the Court of his intention to proceed against Defendants Dyemartin and Cummings on the first, second, third, fourth, fifth, sixth, seventh and eight causes of action only.

In response, Plaintiff filed a Second Amended Complaint ("SAC") asserting claims for false arrest/false imprisonment, battery, negligent infliction of emotional distress and conspiracy, violations of California Civil Code section 52.1, violation of 42 U.S.C. section 1983, conspiracy in violation of section 1983, malicious prosecution, abuse of process, negligence, and intentional infliction of emotional distress and conspiracy. Plaintiff names Dyemartin, Cummings, Peterson, Christman, Chief William Lansdowne, the City of San Diego, San Diego Police Department and Does 1 through 20 as defendants.

//
//
//

# DISCUSSION

## I. Legal Standard

This Court previously granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. section 1915. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). This Court must rule on its own motion to dismiss before directing the complaint be served by the U.S. Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. 42 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1127.

## II. Analysis

### A. Claims against Defendants Lansdowne, City of San Diego and San Diego Police Department

In its previous order, this Court dismissed Defendants Lansdowne, City of San Diego and San Diego Police Department with prejudice. Plaintiff may not reassert claims against these defendants in this action.

### B. Claims against the Remaining Defendants

#### 1. First Cause of Action – False Arrest/False Imprisonment

Plaintiff asserts a claim for false arrest and false imprisonment against Defendants Dyemartin and Cummings. Under California law, false arrest and false imprisonment are the same tort. See Collins v. City and County of San Francisco, 50 Cal.App.3d 671, 673 (1975). False arrest is "one way of committing a false imprisonment." Id. To state a claim for false imprisonment, a plaintiff must allege "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000).

Plaintiff alleges he was wrongfully detained and arrested and falsely imprisoned by Defendants Dyemartin and Cummings. SAC ¶ 88. Specifically, Plaintiff alleges Defendant Dyemartin "spotlighted" him while he was driving lawfully without his headlights on, and, in response, Plaintiff put on his headlights. Id. ¶ 52. He further alleges Defendants Dyemartin and Cummings stopped him, searched him, arrested him and placed him in the back of their patrol car after handcuffing him. Id. ¶¶ 53, 58. Plaintiff asserts he was driving lawfully within the one-half hour period after sunset, and Defendants recorded a false later time to prosecute him. Id. ¶¶ 47, 48, 50, 62.

The Court finds Plaintiff sufficiently alleges a claim for false arrest/imprisonment against Defendant Dyemartin and Cummings.

**2. Second Cause of Action – Battery**

Plaintiff seeks relief from Defendants Dyemartin and Cummings for battery. The elements of a claim for battery in California, are "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact and (3) the contact caused injury, damage, loss or harm to the plaintiff." Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2006).

Plaintiff alleges the defendants committed battery by putting him in handcuffs and putting him in the back of the police car. SAC ¶ 100. He further alleges he did not consent to the conduct, and he suffered physical harm, emotional distress, anxiety, depression, humiliation, loss of sleep and fear of the police. Id. ¶¶ 101, 103, 104. Plaintiff sufficiently alleges a claim for battery against Defendants Dyemartin and Cummings.

**3. Third Cause of Action - Negligent Infliction of Emotional Distress and Conspiracy**

Plaintiff asserts a claim for negligent infliction of emotional distress against Defendants Dyemartin, Cummings, Peterson and Christman. Under California law, "[t]he negligent causing of emotional distress is not an independent tort but the tort of negligence." Marlene F. v. Alliance Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583 (1989) (quoting 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 838, p. 195). Thus, the traditional elements of duty, breach of duty, causation, and damages apply. Id.

Plaintiff alleges Defendants Dyemartin and Cummings "acted individually and in concert to unlawfully detain, search and arrest Plaintiff" and Defendant Peterson and Christman had a duty to sustain his Internal Affairs complaint. SAC ¶¶ 107, 108. He further alleges Defendants' conduct had the direct and foreseeable consequence of making Plaintiff fearful of the police. Id. ¶ 111. He contends he suffered and continues to suffer emotional and mental conditions recognized and diagnosed by trained professionals. Id. ¶ 113.

The Court finds Plaintiff sufficiently alleges a claim for negligent infliction of emotional distress against the defendants.

To state a claim for civil conspiracy Plaintiff must set forth allegations showing "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995). Plaintiff alleges a conspiracy existed to coerce him into believing he had been driving illegally. SAC ¶ 59. He further alleges Defendants Dyemartin and Cummings implemented the conspiracy when they wrote Plaintiff a traffic citation even though there was no probable cause for the violations, and giving false testimony at a court hearing. Id. ¶ 62. Defendant Peterson entered the conspiracy by interviewing Plaintiff and the result was exonerating Defendants Dyemartin and Cummings. Id. ¶ 70. He further alleges Defendant Christman entered the conspiracy by authoring a letter informing Plaintiff of the exoneration. Id. ¶ 71.

The Court finds Plaintiff sufficiently alleges a claim to meet the requirement of section 1915.

**4. Fourth Cause of Action – Violation of California Civil Code § 52.1**

Plaintiff alleges Defendants Dyemartin, Cummings, Peterson and Christman violated California Civil Code section 52.1 ("Bane Act") which prohibits a person from interfering or attempting to interfere "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal.

Civil Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860, 883 (2007) (citing Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998)).

Plaintiff alleges Defendants Dyemartin and Cummings unreasonably stopped, searched, arrested, prosecuted and retaliated against Plaintiff in violation of his rights guaranteed by the California Constitution. SAC ¶ 116. He further argues the acts were committed for purposes of intimidation and/or coercion. Id. Plaintiff also alleges Defendants Peterson or Christman entered into the conspiracy to coerce and intimidate Plaintiff and did so by exonerating Dyemartin and Cummings. Id. ¶ 117. Plaintiff sufficiently alleges a claim for violation of the Bane Act.

**5. Fifth Cause of Action – Violation of 42 U.S.C. § 1983**

Plaintiff asserts a claim for violation of 42 U.S.C. section 1983 against Defendants Dyemartin, Cummings, Peterson and Christman. To state a claim under section 1983, a plaintiff must allege two essential elements: (1) violation of a right, privilege or immunity secured by the constitution of the United States and (2) that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393 (1989) (quoting Baker v. McCollan, 442 U.S. 137, 0144, n. 3 (1979)).

Plaintiff fails to clearly allege what rights he is asserting Defendants violated. Construing the allegations liberally, he appears to assert two violations within his fifth cause of action, for violations of the Fourth Amendment and First Amendment. To state a claim under section 1983 for violation of the Fourth Amendment right to be free from unreasonable searches and seizures, a plaintiff must allege sufficient facts to show that a search or seizure occurred and the search or seizure was unreasonable. See Brower v.

County of Inyo, 489 U.S. 593, 599 (1989).  Plaintiff sufficiently alleges a Fourth Amendment claim against Defendants Dyemartin and Cummings.  However, there are no allegations to support a Fourth Amendment claim against Defendants Peterson or Christman.

He also appears to be assert a claim for retaliation against Defendants Dyemartin, Cummings, Peterson and Christman.  To state a claim for retaliation, Plaintiff must allege: (1) a state actor took an adverse action against him (2) because of (3) his protected conduct, and that the action taken against him (4) chilled the prisoner's exercise of his First Amendment Rights and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004).  Plaintiff alleges Defendants Defendants Dyemartin and Cummings retaliated against him for complaining to them about their unlawful stop by "stopping, searching and prosecuting [him]." SAC ¶ 128.  He further alleges Defendants Peterson and Christman retaliated against him for his complaint against Dyemartin and Cummings by exonerating them after the Internal Affairs investigation.  Id. ¶¶ 129, 130.  Plaintiff states a claim for retaliation against Defendants Dyemartin, Cummings, Christman and Peterson.

**6. Sixth Cause of Action - Conspiracy in Violation of 42 U.S.C. § 1983**

In his sixth cause of action, Plaintiff asserts Defendants have conspired and entered into express and implied agreements to retaliate against Plaintiff by repeatedly and unreasonably detaining him.  To sufficiently allege a claim for conspiracy, Plaintiff must set forth allegations showing an agreement or "meeting of the minds" to violate his constitutional rights. United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41(9th Cir. 1989)

Plaintiff alleges Dyemartin and Cummings conspired and entered into express and/or implied agreements to implement a plan to deprive Plaintiff of his constitutional rights by unreasonably stopping him and retaliating against him.  SAC ¶ 44. Plaintiff further alleges the defendants engaged in a "pre-arranged plan" and knew the determination of probable cause would be rubber-stamped by the magistrate.  Id. 145.  He also alleges Defendants

Christman and Peterson entered into the conspiracy by conducting an internal affairs investigation which exonerated Dyemartin and Cummings. Plaintiff sufficiently alleges a claim for conspiracy.

**7. Seventh Cause of Action - Malicious Prosecution in Violation of 42 U.S.C. § 1983**

Plaintiff asserts a claim for malicious prosecution against Defendants Dyemartin and Cummings. In order to prevail on a section 1983 claim of malicious prosecution, Plaintiff must show that Defendants prosecuted him: (1) with malice; (2) without probable cause; and (3) "for the purpose of denying [him] equal protection or another specific constitutional right." See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). Plaintiff must establish a termination of the underlying proceedings "in such a manner as to indicate his innocence." Id.

Plaintiff alleges Defendant Dyemartin and Cummings wrote a report that falsely stated Plaintiff had been driving without headlights at 8:30 p.m. and filed a citation with the court based on the false information which resulted in criminal charges. SAC ¶ 157, 158. He further alleges they gave false testimony at trial. He asserts he proved there was no probable cause and was acquitted at trial. Id. ¶ 159. Plaintiff sufficiently asserts a claim for malicious prosecution against Defendants Dyemartin and Cummings.

**8. Eighth Cause of Action - Abuse of Process in Violation of 42 U.S.C. § 1983**

Plaintiff seeks relief for abuse of process as to Defendants Dyemartin and Cummings. "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Rusheen v. Cohen, 37 Cal.4th 1048, 1057 (2006)

Plaintiff alleges City Attorneys Steven Hansen and Shelley Webb authored and filed with the court, pleadings designed to mislead Plaintiff into believing that he had been lawfully stopped by and prosecuted by Dyemartin and Cummings, to prevent him from filing any civil rights case about the incident. SAC ¶ 167. He further alleges Defendants

Peterson and Christman entered into this abuse of process conspiracy by exonerating Dyemartin and Cummings in a fraudulent Internal Affairs investigation to mislead Plaintiff into believing he was lawfully arrested and detained. Id. ¶ 169.

Assuming the truth of the allegations, Plaintiff sufficiently alleges a claim for abuse of process.

**9. Ninth Cause of Action – Negligence**

Plaintiff asserts a claim for negligence against Defendants Dyemartin, Cummings, Peterson and Christman based upon Defendants' failure to properly screen, hire, train, retain, supervise, report, discipline, monitor, control and terminate their law enforcement officers. The allegations that Defendants Dymartin, Cummings, Peterson or Christman had a duty to "properly screen, hire train, retain, supervise, report, discipline, monitor, control and terminate (when justified)" are merely conclusory and fail to state a claim for negligence. SAC ¶ 174

**10. Tenth Cause of Action - Intentional Infliction of Emotional Distress**

Plaintiff seeks relief for intentional infliction of emotional distress as to all defendants. To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant intended to cause or recklessly disregarded the possibility of causing emotional distress to the plaintiff; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the outrageous conduct was the actual and proximate cause of the emotional distress. Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982). Outrageous conduct must "be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. As alleged, Defendants' conduct of stopping and arresting Plaintiff was neither extreme nor outrageous. Accordingly, Plaintiff fails to state a claim for intentional infliction of emotional distress.

**C. Leave to Amend**

Because Plaintiff has been provided multiple opportunities to amend his complaint to sufficiently allege the claims asserted and has repeatedly failed to allege his claims for

negligence, and intentional infliction of emotional distress as to any defendant and violation of his Fourth Amendment rights against Defendants Peterson and Christman, the Court finds further amendment unwarranted. See Foman v. Davis, 371 U.S. 178, 182 (1962); McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809 (1988).

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendants Lansdowne, City of San Diego and San Diego Police Department, are **DISMISSED with prejudice**.

2. The fifth cause of action under section 1983 for violation of his Fourth Amendment rights is **DISMISSED** as to Defendants Peterson and Christman.

3. The ninth cause of action for negligence is **DISMISSED** in its entirety.

4. The tenth cause of action for intentional infliction of emotional distress is **DISMISSED**.

5. The Clerk of Court shall issue a summons as to Plaintiff's Second Amended Complaint (Doc. No. 19) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be served, see S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

7. Plaintiff shall, after service has been effected by the U.S. Marshal, serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's

consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. See S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

DATED: March 26, 2018

                                                  JOHN A. HOUSTON
                                                  United States District Judge

11
11cv02070 JAH - JLB